THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY
  BERLINGER, Appellant, *v.* JAMES L. WELLS et al., Com-
  posing the Board of Taxes and Assessment of the City
  of New York, Respondents.

APPEAL — MISTRIAL. Proceedings to review upon appeal vary with
the nature of the trial, and where the return to the Court of Appeals
shows such irregularity of practice as to amount to a mistrial, the only
way to avoid injustice is to reverse the orders of both courts below and
direct a trial which the law can recognize. The practice pursued upon
the trial of the issues of fact raised by an alternative writ of mandamus
and the return thereto considered, and held to amount to a mistrial.
  *People ex rel. Berlinger* v. *Wells,* 85 App. Div. 378, reversed.

(Argued April 25, 1904; decided May 3, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered July
13, 1903, which reversed an order of Special Term granting a
motion for a peremptory writ of mandamus to compel the
defendants to reinstate the relator as chief clerk in the depart-
ment of taxes and assessments in the city of New York.

The facts, so far as material, are stated in the opinion.

*A. J. Skinner, George P. Heimberger* and *Henry S. J.
Flynn* for appellant. The order of the Appellate Division
having reversed an order deemed a judgment entered upon a
determination in the trial court it must be assumed that the
final order or judgment was reversed for errors of law only,
it not appearing by the order of the Appellate Division that
the reversal was upon the facts. (Code Civ. Pro. §§ 1338,
2082; *Colby* v. *Town of Day,* 177 N. Y. 548; *Hinckel* v.
*Stevens,* 165 N. Y. 171; *Lannon* v. *Lynch,* 160 N. Y. 483;
*Bomeisler* v. *Forster,* 154 N. Y. 229.) The notice of excep-
tion filed by defendants was not sufficient to present any ques-
tion of law which justified such reversal, and was insufficient
to present any question of law whatever for review. (*Colby*
v. *Town of Day,* 177 N. Y. 548; *Drake* v. *N. Y. I. Mine,*

156 N. Y. 90.) These proceedings upon an alternative writ of mandamus after issue is joined, upon the facts or upon the law, are, in all respects, the same as in an action. (*People ex rel. v. Knox,* 79 N. Y. Supp. 989; *People ex rel. Ging v. Lyman,* 46 App. Div. 312; *People ex rel. v. Kearney,* 44 App. Div. 449; *People ex rel. v. Clausen,* 74 App. Div. 217; *Francis v. Tilyou,* 26 App. Div. 340; *Provost v. McEnroe,* 102 N. Y. 650; *Gregory v. New York,* 113 N. Y. 416; *Kertz v. Peck,* 113 N. Y. 222; *People v. N. R. S. R. Co.,* 54 Hun, 354; *Mehrhof v. Woods,* 39 N. Y. S. R. 180; *Auerbach v. Peetsch,* 39 N. Y. S. R. 211.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *William B. Crowell* of counsel), for respondents. The order of the Appellate Division is not appealable to this court. (*People ex rel. v. Clausen,* 163 N. Y. 563.)

VANN, J. In August, 1898, the relator was appointed chief clerk of the board of taxes and assessments of the city of New York and assigned to the borough of Manhattan. He assumed the office and performed its duties until May 1st, 1902, when he was discharged by said board without a hearing or an opportunity for explanation. No charges were preferred against him and no reason for his removal was entered in the records of the board. By the return of the respondents to an alternative writ of mandamus, granted to review their action in thus removing the relator, several issues of fact were raised bearing upon the question whether he was a regular clerk and not subject to summary removal, or was in a confidential position with reference to the commissioners and could be discharged without presentation of charges or expression of reasons.

By consent of both parties the issues of fact were tried before the court without a jury, but upon the theory that the trial justice was acting, as he announced, "as if there were a jury present." The "case containing exceptions" is entitled "Trial Term, Part First; Before Hon. Justice

and a jury." At the close of the evidence the counsel for the defendants moved for the direction of a verdict in their favor, but the motion was denied and an exception taken. The trial justice then gave his reasons for deciding in favor of the relator, and thereupon the defendants' counsel, after stating without dissent from any one that this announcement "appears in place of a verdict," moved "to set aside the finding of fact * * * and for a new trial under section 999 of the Code." The motion was denied and an exception was taken, but no order was entered. The court subsequently prepared and signed a paper entitled "Findings," which, after certain recitals, was as follows:

"*First.* I find that the relator was a regular clerk and did not occupy a confidential position. That the duties he was required to perform were not secret. That the relations which existed between him and the respondents were not those of trust and confidence. That none of the duties primarily resting on the respondents were delegated to the relator. That there was no assumption of any financial responsibility in connection with the position the relator occupied, and that the performance of relator's duties did not involve any of the elements necessary to make his position confidential.

"*Second.* I find a general verdict in favor of the relator and against the respondents on all the questions of fact raised by the mandamus herein and the return thereto."

There was no conclusion of law or direction for judgment and the paper contained nothing, aside from the recital as to the time and place of trial, except as stated. Exceptions were filed by the defendants "to the decision or findings of fact made and signed herein by, etc."

Upon all the papers and proceedings, including "the finding of fact of the Hon.                    , Justice of the Supreme Court," the relator moved at Special Term for a peremptory writ of mandamus and from the order granting said motion the defendants appealed to the Appellate Division. Upon the hearing of the appeal the order was reversed and the motion for a peremptory writ was denied, but no new

trial was granted and the order of reversal did not state that the facts had been reviewed or that the order of the Special Term was reversed upon a question of fact.

When an issue is joined by the filing of a return to an alternative writ of mandamus, the proceedings "upon the facts or upon the law, are, in all respects, the same as in an action," except as otherwise expressly prescribed by the Code. (Code Civ. Pro. § 2082.) "The writ, the return, and the demurrer are deemed to be pleadings in an action" and the final order, a final judgment which may be entered and docketed as such. (Id.) "An issue of fact, joined upon an alternative writ of mandamus, must be tried by a jury, as if it was an issue joined in an action * * * unless a jury trial is waived, or a reference is directed by consent of parties." (§ 2083.)

Owing to the anomalous practice pursued at the Trial Term, such confusion has arisen that a review upon the merits is impossible without a departure from established precedents. The learned judges of the Appellate Division held that the trial was before the court without a jury, and that the paper signed by the trial justice was a decision by the court of the whole issues of fact. According to their opinion, which forms no part of the record, they reversed upon a question of fact, yet as they did not say so in their order the statute compels us to presume that the reversal was upon questions of law only. (Code Civ. Pro. § 1338.) An examination of the record discloses no error of law, as distinguished from an error in practice, but it also shows that the Appellate Division had the right to reverse upon the ground that the facts were found against the weight of evidence. If they had stated in their order that they reversed for this reason, we could not review their determination. Therefore, upon the theory that the facts were found by the court, as such, we should be compelled to reverse the order of the Appellate Division and restore that of the Special Term, because there is no error of law disclosed by the record and we are compelled to presume that the reversal was not founded upon the facts. (*Hinckel*

1904.]    People ex rel. Berlinger v. Wells.    **415**

N. Y. Rep.]     Opinion of the Court, per Vann, J.

v. *Stevens*, 165 N. Y. 171; *Spence* v. *Ham*, 163 N. Y. 220.)

On the other hand, if the decision is to be treated as the verdict of a jury, which was clearly the understanding of the parties at the trial, we are met by a difficulty of a like nature. (*Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278.) After a trial before a jury the facts cannot be reviewed upon an appeal simply from the judgment, but a motion for a new trial must be made, an order entered and an appeal taken from the order. (*Collier* v. *Collins*, 172 N. Y. 99.) While such a motion was made and denied in this case, no order was entered and of course no appeal from such an order was taken to the Appellate Division. That court, therefore, upon this theory of the trial, was without jurisdiction to review the facts and was confined to questions of law, of which there was none to justify a reversal.

In the effort to settle the facts in an informal way, the practice pursued was so irregular as to amount to a mistrial. The parties regarded the trial as before a jury, while the Appellate Division regarded it as before the court. By the final action of the trial justice it was treated as in the nature of both, for he found the facts as a judge and a verdict as a jury. The case was moved at a Trial Term and a jury was in attendance, but none was impaneled. While the trial proceeded as if a jury were present, no verdict was even in form directed and there was no effort to make the record appear as if a verdict had been rendered by a jury, as is sometimes done by consent. A court never finds a verdict, although it may direct one. The evidence of a verdict is the entry thereof in the minutes of the clerk, but no such entry was made in this case. The evidence of a decision of an action by the court is a paper signed by the trial judge stating the facts found or the conclusion reached and the relief awarded. The paper signed in this case stated certain facts as found and then found "a general verdict in favor of the relator." It is impossible to clearly determine what this nondescript dish is, for it is part fish and part fowl, and, hence, we conclude that the trial

was irregular and illegal. As the proceedings to review vary with the nature of the trial, confusion in the practice upon the appeal was almost inevitable and the only way to avoid injustice is to reverse the orders of both courts below and direct a trial, for none has yet been had that the law can recognize, with costs to abide event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Orders reversed, etc.