(45 Misc. Rep. 181)

PEOPLE ex rel. BIRMINGHAM v. GROUT, Comptroller of City of New York.

(Supreme Court, Trial Term, New York County. November, 1904.)

1. MANDAMUS—PROCEDURE—FINDINGS.

    Code Civ. Proc. §§ 2082–2084, provide that the proceedings in mandamus shall be the same as in an action at law, except as otherwise ordered, and that an issue of fact must be tried by the jury unless waived, and that on the trial of the issue of fact the decision must be returned to and the final order thereon made by the special term. *Held* that, where the issues are tried without a jury, the decision should embrace only findings of fact, and a motion should be made at Special Term for such final order as the court may determine the facts warrant under the law.

Application by the people, on the relation of John T. Birmingham, for writ of mandamus to Edward M. Grout, comptroller of the city of New York. Order as to procedure entered.

See 90 N. Y. Supp. 861.

Warren Leslie, for relator.

John J. Delany, Corp. Counsel (William Beers Crowell, Asst. Corp. Counsel), for respondent.

CLARKE, J. Upon a trial of the issues of fact raised by the return to an alternative writ of mandamus at Trial Term, Part 2, before me,

a jury was waived., No formal stipulation was entered upon the record. Upon the trial decision was reserved, and subsequently elaborate briefs upon the facts and upon the law were submitted. An opinion was handed down resolving the questions of fact and law in relator's favor—no question up to this time having been raised—it being assumed that the law was before me. for consideration as well as the facts. Findings of fact and conclusions of law are submitted to me for signature. Respondent objects to the rendering of conclusions of law upon the ground that only issues of fact are before the Trial Term, whether the trial is held with a jury or by the court without a jury. That inasmuch as section 2084 of the Code provides: "Upon the trial of an issue of fact, joined upon an alternative writ of mandamus, the verdict, report or decision must be returned to, and the final order thereupon must be made by, * * * the Special Term." The argument being that, as it is an issue of fact which is before the Trial Term, and as the Special Term must make the final order, it must also draw the conclusions of law from the facts found, and that the Trial Term is without jurisdiction thereon. The relator concedes that the formal making of the final order must be by the Special Term, but points out the following provisions of the Code in support of his contention that, where a jury has been waived, the decision of the court is to include the fact and the law:

"Sec. 2082. Except as otherwise expressly prescribed in this act, the proceedings, after issue joined, upon the facts or upon the law, are, in all respects the same as in an action; and each provision of this act, relating to the proceedings in an action, apply thereto. For the purpose of the application, the writ, the return and the demurrer are deemed to be pleadings in an action. * * *

"Sec. 2083. An issue of fact, joined upon an alternative writ of mandamus, must be tried by a jury, as if it was an issue joined in an action specified in section 968 of this act, unless a jury is waived, or a reference is directed by consent of parties."

Title 2 of chapter 10 of the Code is entitled "Trials Without a Jury." Section 1008 thereof provides:

"In an action triable by a jury, if the parties waive the trial, by a jury, of the issue of fact, the action must be tried by the court, without a jury."

Section 1022 is entitled:

"Decision of court * * * upon trial of the whole issues of fact.—The decision of the court * * * upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment-roll."

From these provisions it is argued that the court is required to make conclusions of law as well as findings of fact. But the difficulty is that section 2082 provides: "Except as otherwise expressly prescribed in this act the proceedings * * * are in all respects the same as in an action," and that it is expressly provided in section 2084, "The verdict, report or decision must be returned to, and the final order thereupon must be made by * * * the Special Term." It seems to me that a proper stipulation might be made in a case under which the trial judge might resolve both classes of questions, and that in that event the entering of the final order at Special Term would follow as

a matter of course.    But in the case at bar no stipulation at all appears
in the record.    The jury was waived (section 1009, subd. 4) "by moving
the trial of the action without a jury," so far as the minutes show.
Therefore it seems to me that all that should be done is to determine
the facts.    This being done, the parties will then move at Special Term
for such final order as that court may determine the law applied to the
facts found will warrant.    By this procedure due effect will be given
to all these provisions of the Code, and there will be no need of in-
venting a stipulation which, however much assumed, does not, as mat-
ter of fact, exist.

Ordered accordingly.