(54 Misc. 332)

### PEOPLE ex rel. HUBER CO. v. MANUFACTURERS' & DEALERS' PROTECTIVE ASS'N.

(Supreme Court, Trial Term, New York County.   May, 1907.)

ASSOCIATIONS—BY-LAWS—CONSTRUCTION—MANDAMUS.

> The by-laws of an association formed to aid its members in the collection of their debts, and to settle disputes between its members and between members and others, provided that, where correctness of accounts between members and others was disputed and a settlement refused in consequence, unless the debtor should arbitrate as provided for members, the matter might be referred by the creditor member to the executive committee, who should determine the action of the association, and its decision as to the justice or otherwise of the claim, so far as the member of the association, as such, was concerned, should be final. *Held*, that where the claim of a member against one who was not a member was referred to the executive committee, and a hearing was had, and the committee on advice of its counsel dismissed the claim, there was a "decision as to the justice or otherwise of the claim," within the by-laws, and mandamus to compel further action will be denied.

Application for a peremptory writ of mandamus by the people, on the relation of the Huber Company, against the Manufacturers' and Dealers' Protective Association.   Application denied.

Donald McLean, for relator.

Noble, Jackson & Hubbard, for respondent.

SEABURY, J.   This is an application for a writ of mandamus arising on the return to an alternative writ of mandamus. The case was tried before me without a jury, and to meet the suggestion contained in People ex rel. Birmingham v. Grout, 45 Misc. Rep. 181, 91 N. Y. Supp. 900, the parties have filed a stipulation agreeing that the questions of law and fact shall be determined by me.

The relator is a corporation engaged in the manufacture and sale of plumbers' supplies. The respondent is a membership corporation composed of firms and corporations engaged in trade and commerce in plumbers' materials and kindred lines of business. The object of the association is specifically declared in the by-laws as follows:

"To aid its members in the collection of their just debts, to protect its members against irresponsible debtors or unjust claims, to promote uniformity in the usages of the trade, to collect information as to the commercial standing of debtors, and to settle disputes between its members and between members and others."

Article 5 of the by-laws provides, in reference to arbitration, as follows:

"In cases where correctness of accounts between members and others is disputed, and a settlement refused in consequence, unless the debtor shall arbitrate in the manner provided for members in the preceding paragraph, the matter may be referred by the creditor member to the executive committee, who shall investigate the same and determine the action of the association, and their decision as to the justice or otherwise of the claim, so far as the member of the association, as such, shall be concerned, as far as it may apply to members of the association, shall be final."

The system or practice followed in the respondent association is fully set forth in the alternative writ, and it is to compel conformity to this procedure that a peremptory writ is sought. The practice in vogue provides that several notices shall, from time to time, be sent to the debtor, informing him that his account is due and that unless sufficient reason is given why the account should not be paid the matter will be referred to the association. If these circulars fail to bring a response, others are sent containing particulars of the account and notifying the debtor that the matter has been referred to the association, and that the debtor will be placed upon the association's list unless the debtor satisfactorily adjusts the account within the time therein stated. These circulars are followed by others giving notice of the presentation of the matter to the executive committee. At the time and place specified the matter is investigated, and if determined adversely to the debtor, and the account is not settled within 10 days from the date thereof, the name of the debtor is placed upon the books or list of the association as not paying the claims of a member of the association. A notice is then sent to each member of the association, giving the name and address of the debtor and the amount of his claim, and requesting them to take notice that:

"According to the by-laws of the association you are debarred from selling the aforesaid parties, except for cash on or before delivery, until said parties have settled with the said members of the association."

The alternative writ further recites:

"That a large number of the best known and most influential firms and corporations manufacturing and dealing in plumbers' materials in the city of New York and its vicinity are members of the said association, and the method of collecting claims from irresponsible debtors above mentioned is very effective and was the inducing cause influencing the said Henry Huber Company [the relator] to join said association."

The relator, being a member of the respondent association, stated its claim, amounting to $8,339.21, against McCabe & Co., who were not members of the respondent. On October 27, 1904, both the relator and the alleged debtor appeared before the executive committee of the respondent, and a hearing was had, and the committee, being in doubt as to the validity of the relator's claim against McCabe & Co., consulted counsel, and upon the advice of its counsel dismissed the case.

The relator contends that this disposition of the matter was not such a "decision as to the justice or otherwise of the claim" as is contemplated by the by-laws, and seeks to compel further action by writ of mandamus. The relator here is not interested in compelling arbitration merely, but desires primarily to enforce against its debtor the penalties prescribed by the rules and regulations of the respondent. As was said in Matthews v. Associated Press of the State of N. Y., 136 N. Y. 340, 32 N. E. 982, 32 Am. St. Rep. 741:

"The court must itself construe the by-law, and must decide as to its tendency, while the intention with which it was passed by those voting for it is entirely immaterial upon this aspect of the case."

To the extent that these rules are designed to inform the members of the respondent of the standing and credit of others engaged in the same occupation, they are lawful and reasonable regulations. If this construction be placed upon them, their validity is upheld. Under such a construction no right of the relator is withheld by the respondent by its failure to take further action as to the relator's claim than it has taken. The relator, however, is not seeking information of this character as to McCabe & Co. The construction which the relator seeks to have placed upon the respondent's by-laws is that, if his claim against the debtor is established, the respondent shall blacklist the debtor and prohibit its members from dealing freely with him. The relator desires to avail itself of the respondent's by-laws, not as a shield to protect members of the association from dealing with irresponsible debtors, but as a "very effective" weapon with which its debtor is to be compelled to pay the relator's claim. The "very effective" weapon, by the use of which the relator seeks to compel payment is none other than that the respondent shall blacklist McCabe & Co. among "a large number of the best known and most influential firms and corporations manufacturing and dealing in plumbers' materials in the city of New York and its vicinity." To hold that the pursuit of this practice, alleged to be in operation in the respondent association, is a necessary part of its by-laws, is to assert their invalidity, and to seek a mandamus to compel action under them is to ask the aid of the court to compel the commission of illegal acts. The courts will not, by mandamus, compel the blacklisting of a tradesman.

The dismissal of the relator's claim on the ground that its validity was too doubtful to justify other action was a decision of the question presented within the contemplation of the respondent's by-laws. This determination was a prudent and wise one. The action of the executive committee of the respondent was the result of an investigation of the plaintiff's claim. It is true that the respondent did not find the relator's claim to be without merit; but, after consultation with its counsel, it found it to be of such a doubtful character that it would not have been justified in invoking against the debtor the penalties which it was accustomed to put in operation against those who are delinquent debtors. Upon the whole case it is clear that the court should not, in the exercise of its judicial discretion, issue a peremptory writ of mandamus in this case, because, giving the by-laws of the respondent a construction that will sustain their validity, no right of the relator

104 N.Y.S.—37.

is withheld by the refusal of the respondent to take further action than it has already taken, and the action which it has already taken amounts to a decision of the question presented within the contemplation of the respondent's by-laws.

The application for a peremptory writ of mandamus is denied.