(Supreme Court, Appellate Division, First Department. May 8, 1908.)

PLEADING—UNNECESSARY MATTERS OF EVIDENCE—STRIKING ON MOTION.

Where a pleading requiring an answer or a reply contains allegations of mere evidence not necessary to a statement of the cause of action or counterclaim or affirmative defense, the adverse party has the right to have such allegations stricken out on motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156–1162.]

Appeal from Special Term, New York County.

Action by Caroline Sayles Chittenden, as executrix of the will of Frederick W. Holls, against the San Domingo Improvement Company of New York. From an order denying a motion to strike a portion of the complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frederick B. Woodruff, for appellant.
Frederic W. Hinrichs, for respondent.

PER CURIAM. The portions of the complaint which the defendant moved to strike out as redundant and irrelevant are mere recitals of evidentiary facts, and are not necessary allegations of the cause of action set forth. The defendant may and probably does desire to deny the allegations of employment of plaintiff's testator and the rendition of services by him. It is aggrieved because it may not be able to deny the evidentiary facts unnecessarily set forth in the complaint.

Where a pleading requiring an answer or a reply contains allegations of mere evidence not necessary to a statement of the cause of action or counterclaim or affirmative defense, the opposite party has the right to have such unnecessary allegations stricken out. Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Tradesmen's National Bank v. U. S. Trust Co., 49 App. Div. 362, 63 N. Y. Supp. 526.

The motion should have been granted. The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

## PEOPLE ex rel. BLANK v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

MANDAMUS—JURISDICTION OF COURTS—STATUTORY PROVISIONS—VALIDITY OF FINAL ORDER OF TRIAL TERM.

Under Code Civ. Proc. §§ 2068, 2069, a writ of mandamus may only be issued at Special Term or by the Appellate Division. Section 2083 provides that an issue of fact joined on an alternative writ of mandamus must be tried by a jury, unless jury trial is waived or a reference is directed by consent. Section 2084 requires that the verdict, report, or-

decision upon the trial of an issue of fact joined on an alternative writ must be returned to, and the final order thereon made by, the Appellate Division or the Special Term, as the case requires. Section 2082 provides that, unless otherwise prescribed by the act, the proceedings after issue joined upon facts or law are the same as in an action. *Held* that, if issue is not joined on a material fact by the return, the proceeding should be brought on for final order at Special Term, and if issue is joined the trial court has the sole authority, if the facts are undisputed, to direct a verdict as in other cases; but the authority of the trial court is limited to directing or receiving a verdict, and the verdict, whether rendered or· directed, must be returned to the Special Term or the Appellate Division, as the case may be, and the motion for final order must be there made and decided. Hence a final order made by the Trial Term denying an application for a peremptory writ of mandamus and dismissing the proceeding is without jurisdiction, and must be reversed.

Appeal from Trial Term.

Mandamus by the people, on the relation of Norbert Blank, against the Supreme Lodge Knights and Ladies of Honor and others. From an order of the Trial Term denying the application for a peremptory writ and dismissing the proceedings after the verdict of the jury on issues of fact raised by the return, relator appeals. Reversed, and case remitted to Special Term.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Charles Goldzier, for appellant.

Leonard A. Snitkin, for respondents.

LAUGHLIN, J. The respondent the Supreme Lodge Knights and Ladies of Honor is a fraternal mutual benefit order, incorporated under the laws of the state of Indiana, the respondent Grand Lodge Knights and Ladies of Honor, state of New York, is a subordinate branch thereof, and the respondent Germania Lodge, No. 70, Knights and Ladies of Honor, is a duly chartered subordinate lodge under the immediate control and supervision of the Grand Lodge of the state. The relator claims to have been a member in good standing of Germania Lodge No. 70, and the holder of an endowment policy duly issued to him for $2,000, conditioned for the payment of that amount, payable to his wife on his death, while a member of the order in good standing. He sets forth facts tending to show that he was unlawfully expelled from the order. This proceeding was brought for the purpose of procuring his reinstatement. The issues of fact were duly brought to trial, and tried in Part 9 of the Trial Term before the court and a jury. At the close of the evidence counsel for the respondents moved to dismiss the proceeding upon the ground that the relator failed to exhaust his remedy by appeal within the order. The court denied the motion, with leave to renew the same after the rendition of the verdict. The only material fact deemed by the trial court controverted by the evidence was whether the relator at the trial before the special tribunal of the order on the charges made against him expressly waived all objections to the jurisdiction of the special tribunal° which heard and decided the charges. The verdict of the jury on that issue was in favor of the relator. Counsel for the defendant then

moved to set aside the verdict upon all the grounds specified in section 999 of the Code of Civil Procedure. The motion was denied, and he excepted. He then moved to dismiss the proceeding on the ground that the relator had failed to make out a case. The motion was granted. The ground assigned for the ruling was that the relator's remedy was by an appeal within the order, which he had not taken. Counsel for the relator duly excepted to the dismissal of the proceeding. Thereupon a final order was granted and entered at Trial Term denying the application for a peremptory writ of mandamus and dismissing the proceeding.

We are of opinion that the order must be reversed upon the ground that the Trial Term was without jurisdiction to make it. The Trial Term of the Supreme Court has no jurisdiction to issue a writ of mandamus. By the express terms of the Code of Civil Procedure that writ may only be issued at Special Term or by the Appellate Division. Sections 2068, 2069, Code Civ. Proc. It would seem to follow that, since the Trial Term has no authority to issue the writ, it is without authority to decide, on the merits, an application for the writ. We are not, however, left to decide the question on the logic of the situation. Section 2083 of the Code of Civil Procedure provides that an issue of fact joined upon an alternative writ of mandamus must be tried by a jury, unless a jury trial is waived or a reference is directed by consent of the parties. Section 2084 of the Code of Civil Procedure provides that the verdict, report, or decision upon the trial of an issue of fact joined upon an alternative writ of mandamus "must be returned to, and the final order thereupon must be made by, the Appellate Division or the Special Term, as the case requires." If issue be not joined on a material fact by the return to the alternative writ, the proceeding should be brought on for a final order at the Special Term, and, if issue be joined on a material fact, the trial court has the same authority, if the facts be undisputed, to direct a verdict as in other cases (Code Civ. Proc. § 2082); but the authority of the trial court is limited to directing or receiving a verdict of the jury, and the verdict, whether rendered by direction of the court or not, must, by the peremptory command contained in section 2084 of the Code of Civil Procedure, be returned to the Special Term or to the Appellate Division, as the case may be, and the motion for the final order must be there made and decided.

The record does not disclose that the relator either expressly or impliedly consented that the trial court might grant the final order or pass upon his right to a peremptory writ of mandamus. On the contrary, it shows that he protested against the action taken, and preserved his rights by excepting thereto. Since the order was made by a court without jurisdiction, and the matter has not been presented for decision by a court authorized to pass upon the merits, we do not deem it proper to consider the merits of the relator's application; for if we did it might be inferred from our action that the Special Term, which only has jurisdiction to make the final order and has not yet heard the motion, would not decide it right, and that on an appeal, which does not give us jurisdiction to make the final order, we would be volunteering instructions to the Special Term.

It follows, therefore, that the order should be reversed; with $10 costs and disbursements to the appellant, and case remitted to Special Term.

All concur.