**154**

In the Matter of the Application of EDWARD M. FRIEDMAN, Petitioner, for a Peremptory Order of Mandamus against JOHN H. DELANEY, as Chairman of the Board of Transportation of The City of New York, Defendant.

Supreme Court, New York County, March 28, 1933.

*Louis Fieldman,* for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel [Cornelius Bregoff* of counsel], for the defendant.

FRANKENTHALER, J. This is a proceeding for an order of mandamus directing John H. Delaney, as chairman of the board of transportation, to reinstate the petitioner to the position of structural steel draftsman, grade 3, or to transfer him to any other position he may be fitted to fill.

The petitioner is a citizen of the United States and of the State of New York and an honorably discharged veteran of the World War. He was employed in the classified civil service as structural steel draftsman, grade 3, until his discharge in January, 1932. The evidence establishes clearly that his dismissal was due to the fact that his position, along with many others, was " abolished for reasons of economy." (Civ. Serv. Law, § 22.) The financial plight in which the city found itself as a result of the unprecedented economic depression now prevailing and the drastic economies made necessary as a consequence are too well known to require comment.

The petitioner himself, in the reply memorandum submitted by his attorney, concedes that "petit oner's job was abolished and \* \* \* he was laid off in good faith." He also concedes that he is not entitled to the preferences provided for in article 5, section 6, of the New York State Constitution and in section 21 of the Civil Service Law, those sections relating only to *disabled* veterans and, therefore, having no application to the petitioner. Nor does the petitioner maintain that the respondent has violated the mandate of section 31 of the Civil Service Law, which provides in part that "Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service through the abolition of a department, office or institution, or any section, bureau or division thereof, or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall be entitled to have his name entered upon a preferred list." Admittedly the abolition of the petitioner's position was effected in the inverse order of original appointment in the service and his name was entered upon a preferred list.

What the petitioner does claim is that on the abolition of his position he had the right, under section 22 of the Civil Service Law, to "be transferred to any branch of the \* \* \* service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." To quote from his brief: "The petitioner's sole contention is, his position having been abolished and having been laid off from that position, he was entitled to a transfer pursuant to section 22 of the Civil Service Law." He maintains that at and since the time of his removal there have been vacancies in the positions of junior electrical engineer, railroad, grade 3, and engineering assistant, grade 3, any of which he was and is fitted to fill.

For the purposes of this case it may be assumed that the evidence adduced by the petitioner as to the making of "provisional" appointments to positions other than that of structural steel draftsman, grade 3, indicates the existence of permanent vacancies in those positions, the reason for the provisional nature of the appointments being the inability to make permanent appointments because there were not enough persons on the eligible lists to fill the necessary positions. (See Civ. Serv. Law, § 15, subd. 1.) The mere existence of such vacancies does not, however, entitle the petitioner to be transferred to one of the vacant positions unless he is "fitted to fill" it. It is not enough that the petitioner may be as well qualified

to fill a vacancy as one provisionally appointed to fill it. The testimony establishes that provisional appointments are not necessarily indicative of fitness to occupy the position permanently, in that they are made primarily with a view to the appointee's qualifications to serve for the period of an emergency. Provisional appointments under section 15, subdivision 1, of the Civil Service Law are limited to a maximum period of four months and the provisional appointees must make way for the persons on the next eligible list. Were the petitioner to be transferred to the vacancy under section 22 of the Civil Service Law, the vacancy would no longer exist and the petitioner would be entitled to retain the position in preference to those who might otherwise qualify therefor on the next eligible list. One not fitted might thus take precedence over one possessing the requisite fitness. It follows that the petitioner does not make out a case for a transfer to the vacancy by merely showing that he is as qualified to fill it as one temporarily occupying the vacant position under a provisional appointment. He must go further and demonstrate, as the statute requires, that he is fitted to fill the vacancy. The burden thus cast upon him he has failed to meet. The evidence, in the court's opinion, does not establish the petitioner's fitness to fill any of the vacancies at present occupied by provisional appointees. The fact that the petitioner has previously occupied the position of junior electrical engineer, railroad, grade 3, and junior mechanical draftsman, electrical, grade 3, is not conclusive of his fitness to fill those positions permanently, since such occupancy was the result of provisional appointments which, as previously stated, do not necessarily establish the appointee's fitness or suitability, except for temporary purposes. In the circumstances it becomes unnecessary to consider the petitioner's alleged misrepresentations in procuring provisional appointment or the other points made by the defendant. The motions to strike out upon which decision was reserved are denied, with appropriate exceptions, as are the motions to dismiss made at the close of petitioner's case. Upon the written stipulation of both sides herein jury trial is waived and findings of fact only will be passed upon. Decision as to the facts found may be settled and will be signed, after which motion must be made at Special Term, Part III, for disposition on the merits and for the entry of the final order. (See *People ex rel. Birmingham* v. *Grout*, CLARKE, J., 45 Misc. 181; *People ex rel. Berlinger* v. *Wells*, VANN, J., 178 N. Y. 411; *People ex rel. Blank* v. *Supreme Lodge, etc.*, LAUGHLIN, J., 126 App. Div. 86.)