In the Matter of the Application of CHRISTINE EMMA NICKEL, as Executrix, etc., of LOUIS J. NICKEL, Deceased, Appellant, for a Mandamus Order against THE MAYOR AND BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF FLORAL PARK, Respondents.— This proceeding was brought by Louis J. Nickel in his lifetime, and prior to September 1, 1937 (Laws of 1937, chap. 526), for a peremptory mandamus order directed to the mayor and board of trustees of the incorporated village of Floral Park, commanding them to reinstate him in his position as superintendent of highways, and for an award of other relief; or for an alternative mandamus order in the premises. An alternative order was duly entered. Thereafter the petitioner Louis J. Nickel died testate. Subsequently the present petitioner, as executrix of his last will and testament, was substituted in his place and stead by an order duly entered. Thereafter the issues were tried before the court and a jury. At the close of petitioner's proof the court dismissed the proceeding. Judgment, in legal effect a final order, was entered. From that judgment and also from an order denying petitioner's motion to set aside such dismissal and for a new trial of the issues, petitioner appeals. Judgment and order reversed on the law and not in the exercise of discretion, with costs to appellant to abide the event, and proceeding remitted to the Trial Term for the trial of the issues of fact according to law and the practice. The Trial Term had no authority to dismiss the petition and thus terminate the proceeding. The issues of fact (former Civ. Prac. Act, § 1331) are triable by jury as of right (former Civ. Prac. Act, § 1333). The jury's verdict must be returned to the Special Term (former Civ. Prac. Act, § 1334), which alone has power to make a final order in this proceeding. (10 Carmody's New York Practice, pp. 782, 794; *People ex rel. Ross* v. *Dooling*, 132 App. Div. 50; *Birdsall* v. *Patterson*, 51 N. Y. 43, 47; *People ex rel. Blank* v. *Supreme Lodge*, 126 App. Div. 86; *People ex rel. Bean* v. *Clausen*, 74 id. 217; *People ex rel. Geraci* v. *Italian Assn. St. Bartholomew*, 123 id. 277.) Carswell, Johnston, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to affirm on the ground that

appellant is not a proper party in interest since the original petitioner, her testator, died on August 26, 1935, and the proceeding may not rest on a claim for back salary alone.