In the Matter of the Petition of BEATRICE FINK, Petitioner, for a Peremptory Order of Mandamus against PAUL J. KERN and Others, as Municipal Civil Service Commissioners in and for the City of New York, and Constituting the Municipal Civil Service Commission of Such City, and Others, Respondents.*

Supreme Court, Special Term, New York County, April 2, 1941.

*Louis Waldman* [*Louis Waldman* and *Solomon Jacobson* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Arthur H. Kahn* of counsel], for the respondents.

* Affd., 262 App. Div. 829.

EDER, J. This proceeding has been instituted by petitioner on behalf of herself and nineteen others similarly situated and having a common interest in the questions involved. Review is sought of the action of the municipal civil service commission of the city of New York, in respect of reclassification of the position of dietician in the department of hospitals of the city of New York, and for concomitant relief. Respondents interpose cross-motion to dismiss the petition.

On April 25, 1937, petitioner was appointed by the commissioner of hospitals of the city of New York as a student dietician after qualifying by reason of a non-competitive examination; the position at that time was in the non-competitive class of the classified civil service; the local commission was notified of petitioner's appointment; she served as a student dietician from April 25, 1937, until May 1, 1939, when she was appointed a provisional dietician and she has continued to serve as such up to the present time.

A custom, practice or policy prevailed in the department of hospitals whereby student dieticians who satisfactorily served in that position for one year were placed on a list of the hospital for appointment as dietician in the order of seniority when a vacancy occurred in that position. The duties of a student dietician and those of a dietician are not the same. Prior to May 26, 1938, there was no title of student dietician in the civil service classifications; on that date the title of student dietician was by duly approved resolution created for the first time and the position was placed in the non-competitive class with a maximum tenure of two years; prior to such classification by the commission the title of student dietician was a creation of the department of hospitals. The position of dietician in the department of hospitals was also, prior to May 26, 1938, in the non-competitive class; on that date the position of dietician was reclassified and placed in the competitive class and all persons legally holding that position on that day under permanent appointment were likewise placed in the competitive class under the " covered in " doctrine as established by *Matter of Sandford* v. *Finegan* (276 N. Y. 70) and *Matter of Kinsella* v. *Kern* (168 Misc. 847; affd., 254 App. Div. 834; appeal denied, 278 N. Y. 739).

Petitioner alleges that student dieticians applied for, received and accepted their said appointment to that position under and in view of the aforesaid custom, practice or policy and that she and those united in this application with her applied for, received and accepted said appointment in view thereof; that since May 26, 1938, vacancies have occurred in the position of dietician and that

she and her colleagues having served their full year in the position of student dieticians were, in pursuance of said custom, practice or policy, placed on the said list for dietician, and when a vacancy occurred, provisionally appointed to the said position in the department of hospitals in the order of seniority. Petitioner further avers that she and her associates have been informed by the department of hospitals that their appointment will terminate upon the promulgation of a list from the competitive examination and their positions will be declared vacant and that appointments to fill such vacancies in the position of dietician will be made only from the said list promulgated from the said competitive examination; that in or about July, 1940, the local commission, pursuant to the aforementioned resolution, advertised for competitive examination the said position of dietician but that no examination has as yet been held pursuant to said advertisement.

Petitioner contends that by virtue of the mentioned custom, practice or policy she and the others similarly situated have acquired, prior to the resolution of reclassification, vested rights to the position of dietician, though now holding such position on a provisional appointment, of which they cannot be deprived; that they are legally on the list and entitled to a regular appointment to that position in the order of seniority where such vacancies have occurred or may occur therein, and this, notwithstanding such provisional appointment thereto, notwithstanding the reclassification of the said position and notwithstanding any competitive examination may be required of any new applicants for such position. It is my opinion that these contentions are not sound.

The right of the commission to reclassify the position of dietician and to order a competitive examination in pursuance of such reclassification is clear; there is no restraint imposed upon it in that regard by the Constitution or by the Civil Service Law; and indeed, such right of the commission is not disputed; neither does the petitioner contend that she and the others acquired any tenure or any status by virtue of their provisional appointment as dieticians, but the purported vested rights which they assert are claimed to exist as a consequence of the mentioned prevailing custom, practice or policy. Petitioner also relies strongly on the *Sandford* and *Kinsella* cases (*supra*), as holding that the reclassification of a position by the commission cannot have the effect of abrogating the vested right to a regular appointment and as holding that the transfer of a non-competitive or exempt position to the competitive class gives the then holders of the position the same privileges as if they had been originally appointed from the competitive class; that no statute or resolution of the com-

mission purporting to "cover in" the then incumbents of the position is necessary to protect them and that any attempt by the commission by resolution or otherwise to take away or impair such vested right to the position is illegal.

It may be observed that the courts look with disfavor upon any interpretation that tends to include temporary or provisional employees in "covered in" groups. (*Shalvoy* v. *Johnson*, 84 N. J. L. 134; 86 A. 81.) Provisional, in civil service, generally refers to filling a vacancy until it can be filled by the regular method. Provisional appointments are made primarily with a view to the appointee's qualifications to serve for the period of an emergency and provisional appointees acquire no vested right to appointment to the position merely by virtue of such temporary or provisional service; indeed, it has been held that provisional appointees must make way for the persons on the next eligible list. (*Matter of Friedman* v. *Delaney*, 147 Misc. 154; affd., 241 App. Div. 711.)

The rules enunciated in the *Sandford* and *Kinsella* and kindred cases are, however, rendered inapplicable here because of the factual situation. It is a general rule that provisional employees have no civil service status or rights. (*Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343, 346; *Matter of Cornehl* v. *Kern*, 260 App. Div. 35.) In *Koso* v. *Greene* (260 N. Y. 491, 494) it was held that temporary or provisional employees, so long as they hold such positions, "are entitled to none of the advantages secured by period of tenure under the civil service rules;" that these appointments are not permanent but are "mere stop-gaps" (p. 495); it is also held that a provisional appointee is removable at will (*Scahill* case, *supra*); it is likewise held that provisional employees have no standing to question the appropriateness of a civil service list from which they have been or are to be replaced. (*Matter of Kraus* v. *Singstad*, 275 N. Y. 302; *Matter of Britt* v. *Kern*, 279 id. 701; *Matter of Ackerman* v. *Kern*, 281 id. 87; *Matter of Caggiano* v. *Kern*, N. Y. L. J. May 6, 1940, p. 2060, SCHMUCK, J.; affd., 259 App. Div. 995; *Matter of Mazzola* v. *Kern*, N. Y. L. J. June 7, 1940, p. 2591, KOCH, J.; *Matter of Abbott* v. *Kern*, Id. June 8, 1940, p. 2609, HAMMER, J.)

In view of these rulings I am unable to see how petitioner, not being a permanent appointee, but a mere provisional appointee, could acquire any vested right in or to a position which was terminable at will; nor am I satisfied that there is a vested right in any one to appointment to public office. Petitioner being without status or rights under the Civil Service Law as a provisional appointee, it is difficult to understand how she is even in a position to complain. It is true that a mere reclassification of position from a non-competitive to a competitive class does not perforce thereof

classify out of office the then legal incumbent in the non-competitive or exempt class; he is held to be transferred along with his position and to be unaffected by a reclassification (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363, 368); he is deemed " covered in." However, that status and coverage obtains and is applicable alone in the instant case to those persons who were actual legal permanent incumbents of the position of dietician and not to those persons holding the position as provisionals when the reclassification resolution of May 26, 1938, was approved and became effective. Therein lies the controlling distinction.

As to the petitioner's claim that she has acquired a vested right to appointment to the position of dietician by virtue of the prevailing custom, practice or policy to appoint provisionals to that position and hence is entitled to such appointment upon reclassification of the position from the non-competitive to the competitive class, I have not been referred to any case so declaring. My independent research indicates a uniform contrary view.

" The right of a person to office is not a right to the office, but the right to be eligible for the office." (Field, Civil Service Law [1939 ed.], p. 15.) In *Conner* v. *City of New York* (5 N. Y. 285, 295) the court instructively points out that " Public offices in this State are not incorporeal hereditaments; nor have they the character or qualities of grants. They are agencies. With few exceptions, they are voluntarily taken, and may at any time be resigned. They are created for the benefit of the public, and not granted for the benefit of the incumbent * * *." The right to be appointed to any public office is not a vested right; nor is it a natural or inalienable right; it is but a privilege. (*Conner* v. *City of New York, supra; Thurber* v. *Duckworth*, 165 Iowa, 685; 147 N. W. 158, 161; *State ex rel. Buell* v. *Frear*, 146 Wis. 291; 131 N. W. 832.) As said in the *Thurber* case: " It must be borne in mind that no one has a *vested* right to be appointed to any public office." (Emphasis mine.) This being the accepted rule, I am unable to see how custom, practice or policy can create or establish a *vested* right to appointment to the office of dietician, for with or without the existence of custom, practice or policy, such a right is not recognized in law.

For the reasons stated it is my judgment that there is no basis for the claims made by the petitioner, and I am also of the opinion that she has no standing to question the action of the commission. Accordingly, the prayer of the petition is denied and the cross-motion to dismiss the petition is granted. Settle order.