In the Matter of MICHAEL FORNARA, Appellant, against WILLIAM SCHROEDER, JR., et al., Constituting the Sanitary Commission of the City of New York, Respondents.

(Argued March 14, 1933; decided April 11, 1933.)

*Samuel M. Ostroff* and *Charles L. Raskin* for appellant. Appellant's transfer to the Department of Sanitation did not require a reclassification of his position. Appellant was protected from removal except as provided in subdivision 1 of section 22 of the Civil Service Law (Cons. Laws, ch. 7), and that statute cannot be circumvented by an unnecessary reclassification of his position. (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *Kilcoyne* v. *Lohr,* 226 App. Div. 218; 252 N. Y. 526; *Stutzbach* v. *Coler,* 168 N. Y. 416.) The Appellate Division committed error in holding that appellant could be removed even though he was an honorably discharged World War veteran and no charges were preferred against him. (*People ex rel. Fonda* v. *Morton,* 148 N. Y. 156; *People ex rel. Fallon* v. *Wright,* 150 N. Y. 444; *Matter of Seeley* v. *Stevens,* 190 N. Y. 158; *People ex rel. Weeks* v. *Ward,* 162 N. Y. Supp. 744; 179 App. Div. 905; *Stutzbach* v. *Coler,* 168 N. Y. 416.)

*William R. L. Cook, Jr.*, for Queens County Committee of the American Legion, *amicus curiæ.* The benefits given to war veterans by section 22 of the Civil Service Law (Cons. Laws, ch. 7) are not limited to positions in the competitive class but are extended to positions in the exempt class such as that held by the appellant prior to the creation of the Department of Sanitation. (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *Matter of Naughton* v. *Boyle*, 129 Misc. Rep. 867; *People ex rel. Weeks* v. *Ward*, 162 N. Y. Supp. 744; 179 App. Div. 905; *People ex rel. Tate* v. *Dalton*, 158 N. Y. 204.) The creation of the Department of Sanitation, with the consequent transfer to it of the appellant's position, did not terminate the employment and could not lawfully, and was not intended to, result in a reclassification of the appellant's position while held by him. (*Matter of Breckenbridge* v. *Scannell*, 160 N. Y. 103; *People ex rel. Davison* v. *Williams*, 213 N. Y. 130; *Powers* v. *Dahl*, 219 N. Y. 578; *People ex rel. Sugden* v. *Partridge*, 174 N. Y. 87; *People ex rel. Wilson* v. *Knox*, 45 App. Div. 537; *Kilcoyne* v. *Lohr*, 226 App. Div. 218; 252 N. Y. 526; *People ex rel. Weeks* v. *Ward*, 162 N. Y. Supp. 744; 179 App. Div. 905.)

*Arthur J. W. Hilly*, Corporation Counsel (*J. Joseph Lilly*, *Henry J. Shields* and *Rollin H. Reed* of counsel), for respondents. The appellant never held a valid appointment as Superintendent of Street Cleaning in the borough of Queens. (*People ex rel. Qua* v. *Gaffney*, 69 Misc. Rep. 36; 142 App. Div. 122; 201 N. Y. 535; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; 168 N. Y. 642; *Koso* v. *Greene*, 260 N. Y. 491; *People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513; *Peck* v. *Belknap*, 130 N. Y. 394; *Matter of Stevenson* v. *Harvey*, 228 App. Div. 707; *People ex rel. Rosenthal* v. *Travis*, 169 App. Div. 203.) The defendant Sanitary Commission is without power to reinstate the appellant. (*Matter of Simons* v. *McGuire*, 204 N. Y. 253; *Matter of Blatz* v. *Esser*, 189 App. Div. 763; Civ. Serv.

Law, § 11, subd. 2; Cons. Laws, ch. 7; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *People ex rel. Corkill* v. *McAdoo*, 113 App. Div. 770; *Matter of Christey* v. *Cochrane*, 211 N. Y. 333.) The defendant Sanitary Commission had power to remove the appellant at pleasure. (*Matter of Cooper* v. *Paris*, 73 Misc. Rep. 244; *People* v. *Mayor of New York*, 82 N. Y. 493; *United States ex rel. Palmer* v. *Lapp*, 244 Fed. Rep. 377; *People ex rel. Qua* v. *Gaffney*, 69 Misc. Rep. 36; 142 App. Div. 122; 201 N. Y. 535.)

POUND, Ch. J. Prior to December 1, 1929, the petitioner was employed as superintendent in charge of street cleaning in the borough of Queens, New York city. Theretofore the supervision and direction of street cleaning had been conducted as a part of the business of the Borough President of the borough of Queens under the provisions of section 383 of the Greater New York Charter (Laws of 1901, ch. 466, amd. Laws of 1921, ch. 170). The Sanitation Department of the City of New York was created on December 1, 1929, by local law of that year, No. 13 of the Municipal Assembly. The Bureau of Street Cleaning was included within that organization. The petitioner herein was continued in his old position pending a classification of the position for the new department. His original classification was in the exempt class and had he been continued as he desired he would have continued to be in the exempt class. His request was approved by the Municipal Civil Service Commission and, with the approval of the Mayor, his position was classified in the exempt class. The resolution placing the petitioner in the exempt class was forwarded to the State Civil Service Commission for approval. The State Civil Service Commission refused to approve the same. A second time the resolution was submitted to the State Civil Service Commission with a like result. Upon notification from the Civil Service Commission that it refused to classify the petitioner's position in the exempt class, the defendant, by its assistant to the chairman of the Sanitary Com-

mission, wrote the petitioner that his tenure of office would end on December 15, 1930. Thereupon the petitioner instituted the present proceeding asking for reinstatement upon the ground that by virtue of section 22 of the Civil Service Law (Cons. Laws, ch. 7) the petitioner, being a veteran of the World War, could not be removed from the position held by him, except after a hearing upon charges filed against him. The defendant contends that the provision of the statute upon which the petitioner relies furnishes him no aid, and that the refusal of the State Civil Service Commission to classify the position as exempt prevents the continuation of the petitioner upon the payroll of the city. The defendant also urges that the provisions of section 22 of the Civil Service Law are inapplicable and that the petitioner was not removed within the scope of that section. We assume that he was properly appointed to the position of superintendent of street cleaning in the exempt class and that he is not a " private secretary, cashier or deputy."

The Appellate Division has held that petitioner is not protected from removal by reason of the provisions of section 22, above referred to, and that such section does not protect appointees in the exempt class. Such provisions are as follows: " *No person* holding a position by appointment or employment in the * * * several cities * * * thereof who is an honorably discharged soldier * * * having served as such in the * * * world war * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by writ of certiorari." This we think was error.

Positions in the exempt class are included under the provisions of section 22 above cited (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158), and are not excepted by section 13 which does no more than indicate what positions shall be included in the exempt class.

When the position which petitioner held in the Bureau of Street Cleaning in the exempt class was reclassified in the competitive class, petitioner's tenure was not affected. He was not classified out of office. He was transferred along with his position " without examination." (New York City Local Law No. 13 of 1929, adding ch. XI-A, § 605-v, to the Charter of the City of New York.)

It is not unheard of that persons appointed to a position in the exempt class should strive to render more secure their tenure by being classified into the competitive class. If legally appointed their tenure is not affected by a reclassification. (*Matter of Sugden* v. *Partridge*, 174 N. Y. 87.)

When petitioner became an appointee in the exempt class he was entitled to a hearing upon charges before removal. When his position was transferred to the competitive class he was not required to qualify therefor by entering a competitive examination. No new office was created. The Civil Service Commission did not deem it practicable to determine the qualifications of a superintendent of street cleaning by a competitive examination until after he had been appointed. Petitioner was in the class that could not be removed from office except in the manner provided by law — on charges and after a hearing. The State Civil Service Commission could not remove him. It has done no more than refuse to approve a resolution reclassifying the position.

The order of the Appellate Division should be reversed and that of the Special Term granting a peremptory order of mandamus affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not voting.

Ordered accordingly.