In the Matter of the Application of THOMAS KINSELLA, JR., Petitioner, against PAUL J. KERN and Others, Constituting the Municipal Civil Service Commission of the City of New York, and Others, Defendants.\*

Supreme Court, Special Term, New York County, May 12, 1938.

---

\* Affd., 254 App. Div. 834; motion for leave to appeal to Court of Appeals or for reargument denied, Id. 864.

Louis Waldman [David I. Ashe of counsel], for the petitioner.

William C. Chandler, Corporation Counsel [Jeremiah M. Evarts of counsel], for the defendants.

FRANKENTHALER, J. The reclassification of the positions by the civil service commission could not validly effect the removal of the then incumbents, and the latter could retain their positions without the necessity of taking any examination, competitive or qualifying. In Matter of Sandford v. Finegan (276 N. Y. 70) the Court of Appeals, in discussing the rights of a person occupying a position with no definite tenure, said (p. 73): " He would be continued in the position without taking an examination after the position had been placed in the competitive class (Matter of Fornara v. Schroeder, 261 N. Y. 363). This view of the law has been followed by the Attorney-General and the civil service authorities for the past thirty years." It was only because the petitioner in the Sandford case had been appointed for a definite term, which had expired, that the Court of Appeals relied upon an act of the Legislature which conferred tenure of office during good behavior. The commission could not, by reclassifying positions and placing them in the competitive class, remove the persons then legally occupying the positions, nor could it require said persons to pass examinations in order to retain their positions. (Matter of Sugden v. Partridge, 174 N. Y. 87; Matter of Fornara v. Schroeder, supra; Opinion of the Attorney-General, 24 State Dept. Rep. 383. See, also, Matter of Sandford v. Finegan, N. Y. L. J. March 10, 1937, p. 1201.)

The motion is accordingly granted. Settle order.