In the Matter of the Application of IRVING WOLFSON, Petitioner, for an Order against MICHAEL J. CRUISE, City Clerk of the City of New York, and Others, Defendants.*

Supreme Court, Special Term, New York County, October 13, 1939.

*Affd., 258 App. Div. ——.

*Samuel M. Ostroff*, for the petitioner.

William C. Chanler, *Corporation Counsel* [*Charles F. Murphy* of counsel], for the defendants.

MILLER, J. The petitioner could not legally be deprived of the position to which he was appointed on March 17, 1930, by the resolution of the municipal civil service commission adopted on June 1, 1938, which transferred the position in question to the competitive class. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Cook* v. *Kern*, 278 id. 195; *Matter of Kinsella* v. *Kern*, 168 Misc. 847; affd., 254 App. Div. 834; leave to appeal denied, 278 N. Y. 739.) Under these circumstances it would seem that for the purposes of section 31 of the Civil Service Law, the date of the petitioner's original "appointment in the service" is March 17, 1930. Even if, however, the date of petitioner's original "appointment in the service," for the purposes of section 31 of the Civil Service Law, is the date that his position was transferred to the competitive civil service, he possesses a valid grievance, since another person is being retained in the service who was originally appointed February 1, 1932, and whose position was transferred to the competitive civil service on the same day as the petitioner's position. Where several employees are transferred simultaneously into the competitive class, a proper application of section 31 of the Civil Service Law would seem to require that seniority should be based on the date of the original appointment antedating the transfer. Any other ruling would be contrary to the spirit of section 31. The motion to reinstate the petitioner is accordingly granted.