In the Matter of Powhatan Democratic Club of Twenty-third Assembly District Manhattan, Inc., Petitioner, against Thomas J. Curran, as Secretary of State of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, October 23, 1954.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *George H. Rothlauf* of counsel), for respondent.

*Samuel M. Blinken* for petitioner.

TAYLOR, J. The petitioner, a corporation which was incorporated pursuant to the provisions of the Membership Corporations Law on July 7, 1933, has filed with the respondent a certificate to change its name from Powhatan Democratic Club of Twenty-third Assembly District Manhattan, Inc. to Powhatan Democratic Club of Fifteenth Assembly District, N. Y. County, Inc. The necessity for altering the name arose because of redistricting legislation. The respondent rejected the certificate on the ground that the name to be assumed included the name of a political party, the consent of the chairman of whose county committee of the county in which the office of the corporation is located was not indorsed thereon. Concededly the certificate of change of name, except for such indorsement, was in due form and otherwise entitled to be filed. In refusing to accept the certificate the respondent indicated the grounds therefor as follows: " I desire to point out that if section 10 of the Membership Corporations Law requires the consent of the County Chairman of a political party to the use of the name of such party in a certificate of incorporation, this department has concluded that a certificate of change of name requires the same consent."

The petitioner has instituted this article 78 Civil Practice Act proceeding to direct the respondent to accept and file the proffered certificate. The respondent moves to dismiss the petition upon the ground that it fails to state facts sufficient to entitle the petitioner to the relief demanded therein in that it does not allege compliance with section 10 (*supra*). Admittedly, the sole issue which the proceeding presents is one of law, namely, whether the consent of the chairman of the political party was required to be indorsed upon the certificate of change of name.

Manifestly, section 10 of the Membership Corporations Law applies only to a certificate of incorporation and not to a certificate of change of name. The unambiguous statute must be read and given effect as it is written by the Legislature, not as a public officer charged with administering it may think it should

have been written. (*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634.) The respondent was without power under the guise of administering the statute to extend its application to a wholly different type of certificate than that which its precise words plainly described. (*Matter of Rosenbluth* v. *Finkelstein,* 300 N. Y. 402; *Matter of Hines* v. *La Guardia,* 293 N. Y. 207; *Matter of Barber Co.* v. *Department of State of State of N. Y.,* 277 N. Y. 55.) I perceive nothing in the proposed certificate which is abhorrent to the provisions of subdivision 3 of section 40 of the General Corporation Law. The name of the political party which it contains had been part of the petitioner's corporate name since its organization more than twenty-one years ago. The refusal of the Secretary of State to accept and file the certificate had no reasonable basis in law.

The motion to dismiss the petition is denied and the respondent is directed to accept and file the certificate of change of name in the form heretofore proffered by the petitioner upon payment of the statutory fee. (Civ. Prac. Act, § 1293; *Matter of Brennan* v. *Kern,* 173 Misc. 388, 394, affd. 258 App. Div. 1049, mod. 284 N. Y. 810.)

Submit order accordingly.