In the Matter of MARJORIE FREEDMAN et al., Petitioners, *v.* SUFFOLK COUNTY BOARD OF SUPERVISORS et al., Respondents. (Action No. 1.)

In the Matter of HARVEY G. HUEY et al., Petitioners, *v.* GEORGE G. SIPPRELL et al., Respondents. (Action No. 2.)

Supreme Court, Special Term, Suffolk County, January 4, 1967.

*Adelman & Fagelson* for Marjorie Freedman and another, petitioners. *Robert B. Fleming* for Harvey G. Huey and another, petitioners. *Gordon Miller, County Attorney, amicus curiæ. Harry Albright* for the Civil Service Employees Association, Inc., *amicus curiæ. George W. Percy, Jr.,* for respondents in Action No. 1. *Norman A. Stiller* for respondents in Action No. 2. *Louis J. Lefkowitz, Attorney-General,* for State of New York.

ARTHUR M. CROMARTY, J. These are two article 78 proceedings instituted by employees of the Department of Public Welfare of Suffolk County and the Department of Social Welfare of Erie County. The proceedings were consolidated for disposition by this court.

In the Suffolk County proceeding petitioner Freedman is a case worker receiving a salary of $7,904 per annum. Petitioner Erwin is a case supervisor receiving a salary of $9,620 per annum.

In the Erie County proceeding petitioner Huey is a senior case worker (permanent) and social case supervisor-unit (temporary) receiving a salary of $7,600 per annum. Petitioner Topor is a social case supervisor-unit receiving a salary of $8,585 per annum.

By these proceedings the petitioners seek to require the respondents to provide salary increases pursuant to the alleged mandate of section 79-a of the Social Welfare Law.

Respondents have moved to dismiss the petitions for failure to state facts sufficient to constitute grounds for the relief sought. The respondents' argument is simply that section 79-a of the Social Welfare Law is unconstitutional. With that position this court agrees.

The statute in question provides as follows: "79-a. Case workers and other social service personnel employed by a local welfare department who have suitable graduate training

approved by the department shall be paid salaries which shall be higher than those paid to other employees thereof occupying positions of the same grade and title, in order to induce employees with such training to continue their employment with such department. Such case workers and other social service personnel who have one year of such graduate training shall be paid salaries which shall be at least ten percent higher than the salaries paid to such other employees who lack such graduate training, and those who have two years of such graduate training shall be paid salaries which shall be at least twenty percent higher than the salaries paid to such other employees who lack such training.''

Petitioners Erwin, Huey and Topor have completed two years of graduate training. Petitioner Freedman has completed one year of graduate training. In all cases such training was acquired at public expense. The petitioners are presently employed and paid by the respective counties in accordance with an established and approved Civil Service Commission salary and classification plan.

The Attorney-General of the State of New York, admitted to the cause by order made pursuant to section 71 of the Executive Law, urges that the respondents have no standing to challenge the constitutionality of the statute. That question must be resolved before the merits of the controversy may be considered.

The cases cited by the Attorney-General have no application herein. In *County of Albany* v. *Hooker* (204 N. Y. 1) the court simply determined that the municipality lacked the capacity to maintain a so-called taxpayer's action. *Sweeney* v. *State of New York* (251 N. Y. 417) and *Black Riv. Regulating Dist.* v. *Adirondack League Club* (307 N. Y. 475) stand for the proposition that the State cannot challenge its own acts. The situation presented by the instant matter is in nowise comparable. These are proceedings in the nature of mandamus to compel respondents to pay salary increases. In proceedings of this sort the respondents cannot estop themselves from asserting illegality of the act sought to be forced upon them. (See *Matter of Cash* v. *Bates,* 301 N. Y. 258, 261.) In *Matter of Scales* v. *Board of Educ.* (41 Misc 2d 391), also a mandamus proceeding, it was specifically held that the Board of Education though an arm of the State had standing to question the constitutionality of the statute in question. Unlike the authorities offered by the Attorney-General this is not a case wherein it is sought to establish some claim against the State nor is any affirmative or coercive relief demanded against the State or any of its officers. Petitioners are attempting to force county officials to perform acts

which those officials deem unlawful. The court can see no sound reason for denying to these officials any and every legal and equitable defense available to them. Accordingly, it is the holding of this court that the respondents have not only the standing but the obligation to test the constitutionality of the statute in issue.

Section 6 of article V of the New York State Constitution requires that " promotions    *    *    *    shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ". There is no pretense here that entitlement to salary increase is dependent upon success in competitive testing. It is not. There are no changes in duties, classifications or responsibilities. This is not a case such as *Matter of Mandle* v. *Brown* (5 N Y 2d 51) in which a general reclassification based upon prior valid levels of work was upheld. Nor is it similar to *Matter of Amann* v. *Finegan* (253 App. Div. 364) which concerned ungraded positions. By the statute in issue incumbents become eligible for salary increases simply by virtue of education. In the court's opinion to grant a salary increase in the manner proposed constitutes a promotion without first determining merit and fitness by competitive examination. (*Matter of Ryan* v. *Kaplan,* 213 App. Div. 131, affd. 240 N. Y. 690; *Matter of Weber* v. *Lang,* 13 A D 2d 345; *People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570.) The instant attempt to achieve that end clearly violates the salutary provisions of the Constitution. Unquestionably educational attainment may be used as a qualifying element for admission to a competitive examination, but its use as a substitute for competition cannot be condoned.

Support for this conclusion is found in the Civil Service Law itself. Subdivision 9 of section 52 provides that " an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder, beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion ". All of the positions in issue are in the competitive class of civil service and are graded. Section 79-a of the Social Welfare Law, the statute now in question, specifically requires that the salaries of the personnel with graduate training " shall be higher than those paid to other employees    *    *    *    occupying positions of the same grade and title ". The extent of the increase in the case of employees with one year graduate training is " at least ten percent higher " and in the case of employees with two years graduate training " at least twenty percent higher ". There is no maximum limitation, only a minimum. Clearly then, not

only may petitioners receive a salary benefit higher than other employees in the same grade and title and still remain within the limits thereof, but absent a ceiling on the increase their potential entitlement may exceed the confines of the grade and title. It is this potential which emphasizes the evil. The constitutionality of a statute is tested by what may be done by virtue of its authority. (*People ex rel. Beck* v. *Graves,* 280 N. Y. 405, 410; *Cluett, Peabody & Co.* v. *J. W. Mays, Inc.,* 5 A D 2d 140.) What may be accomplished under the authority of this statute is that some individuals may achieve salary increases far in excess of the grade and title in which they are working. The effect of such an outcome is obviously a promotion (Civil Service Law, § 52, subd. 9) which cannot be granted without a competitive examination to ascertain the individual's merit and fitness. This also amounts to discrimination as against the other employees of the department doing the same work, and who were graded and classified in accordance with the established and approved plan having heretofore successfully scored in competitive examination.

Other arguments have been made with respect to such subjects as the apparent conflict between the State's powers and the counties' home rule rights, the question of the alleged vague, ambiguous and indefinite wording of the statute and the claimed invalidity of the statute as a general law not having application alike to all counties. These are, of course, interesting areas for consideration. However, in view of the position the court has taken on the civil service aspect of the problem, there is no need to examine those points or to make any determination concerning them.

A word should be said about the Moreland Commission report. Petitioners place great reliance on the findings of the Moreland Commission as evidencing the need for reform in the salary structure of social worker class personnel. The court does not take issue with the commission's report or its findings. That document may be the foundation for remedial legislation, but it cannot convert an improper act into a proper one. In view of the foregoing, the petitions are dismissed.