## (January 15, 1968)

■ In the Matter of MARJORIE FREEDMAN et al., Appellants, v. SUFFOLK COUNTY BOARD OF SUPERVISORS et al., Respondents. (Proceeding No. 1.) — In a proceeding pursuant to CPLR article 78 for judgment directing respondents to comply with the provisions of section 79-a of the Social Services Law (which proceeding [as No. 1] was consolidated with another similar proceeding [No. 2]), judgment of the Supreme Court, Suffolk County, dated February 24, 1967, which severed the proceedings and, on motion of respondents, dismissed the petition on the merits as insufficient, reversed, on the law, and motion denied, with costs to petitioners. No questions of fact were considered on this appeal. The time of respondents within which to answer the petition is extended until 10 days after service of the order hereon, with notice of entry. The section is constitutional and capable of being effectuated. Any ambiguity as to whether the approval of graduate training is on a State or local level may be resolved on trial of the issue of possession of such training, created by the denial respondents seek to make in an answer. Petitioners are case workers specifically designated. The phrase " other social service personnel" relates to those performing such social services, within classifications, as are capable of being improved by graduate training. There is no violation of the civil service provision in the State Constitution (N. Y. Const., art. V, § 6). The percentage increase is a differential to attract trained personnel and thus improve the quality of social services rendered. The differential is available without competition, rendering examination immaterial. It is essentially the same differential provided for in subdivision 3 of section 3103 of the Education Law and is analogous to increments based on length of service. Irrespective of the civil service system, the Legislature could make direct provision for the incentive (Matter of Ottinger v. State Civ. Serv. Comm., 240 N. Y. 435, 440, 441; Matter of Klipp v. New York State Civ. Serv. Comm., 42 Misc 2d 35, affd. 22 A D 2d 854, affd. 15 N Y 2d 880). Nor is the differential violative of the home rule provision of the Constitution (N. Y. Const., art. IX, §§ 1-3). It is a matter of State concern and uniformly applicable on the subjects of public welfare and compensation of State or municipal employees, as to which the Constitution expressly authorizes legislation (N. Y. Const., art. VII, § 8, subd. 2; art. XVII; art. XIII, § 14; Adler v. Deegan, 251 N. Y. 467; Robertson v. Zimmermann, 268 N. Y. 52; Robinson v. County of Broome, 276 App. Div. 69, affd. 301 N. Y. 524; Bugeja v. City of New York, 24 A D 2d 151, affd. 17 N Y 2d 606). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur. [52 Misc 2d 670.]