■ In the Matter of HARVEY G. HUEY et al., Appellants, v. GEORGE G. SIPPRELL et al., Respondents. (Proceeding No. 2.) — In a proceeding pursuant to CPLR article 78 (which [as No. 2] was consolidated with another similar proceeding [No. 1]), judgment of the Supreme Court, Suffolk County, dated February 17, 1967, which severed the proceedings and, on motion of respondents, dismissed the petition on the merits as insufficient, reversed, on the law, and motion denied, with costs to petitioners. No questions of fact were considered on this appeal. The time of respondents within which to answer the petition is extended until 10 days after service of the order hereon, with notice of entry. (See, *Matter of Freedman* v. *Suffolk County Board of Supervisors,* 29 A D 2d 661.) Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur. [52 Misc 2d 670.]

■ In the Matter of SOUTHERN STEEL COMPANY, INC., Appellant, v. COUNTY OF SUFFOLK et al., Respondents.— In a proceeding pursuant to CPLR article 78, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County, dated August 31, 1966, as denied its application and dismissed its petition. Judgment affirmed insofar as appealed from, with one bill of costs, payable jointly to respondents filing separate briefs. Petitioner sought judgment directing respondent county and county officials to award a contract for certain public work to petitioner and restraining them from entering into a contract for said work with respondent Herrick-Pacific Corp., the bidder to whom the contract had been awarded. Relying upon *Gerzof* v. *Sweeney* (16 N Y 2d 206), petitioner claimed principally that the specifications had been fashioned to accommodate Herrick-Pacific only and that the award of the contract was therefore illegal. The Special Term found in substance, and we agree, that the facts herein were different from those presented in *Gerzof* (*supra*), that the specifications were drawn in the public interest and not to favor Herrick-Pacific and that the award of the contract to Herrick-Pacific was proper. The county officials, therefore, were justified in rejecting petitioner's lower bid because of petitioner's failure to comply with the specifications (*Matter of Rockland Haulage* v. *Village of Upper Nyack,* 13 A D 2d 819). In any event, we would affirm the dismissal of the petition in the exercise of discretion. More than a year elapsed from the date of the judgment until the submission of this appeal. We are advised, without contradiction, that petitioner never applied for a stay and that a substantial portion of the work under the contract has been performed by Herrick-Pacific. Under such circumstances, the drastic remedy of mandamus should be denied, regardless of whether petitioner has shown a right thereto (cf. *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 282; *Matter of Ahern* v. *Board of Supervisors of County of Suffolk,* 7 A D 2d 538, 545, affd. 6 N Y 2d 376). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur. [51 Misc 2d 198.]