Arnold L. Fein, J.
Petitioners, competitive class law stenographers employed in the Supreme Court, Kings County, who passed competitive examinations for such positions, apply for a judgment vacating and annulling respondent McCoy’s designation of three other persons to that title without benefit of a competitive examination, and for related relief. Two of the three were noncompetitive typewriter operators, one typing jury lists and the other (now retired) in the stenographic pool. The third, an exempt confidential secretary, also typed jury lists. After audit, the Administrative Board of the Judicial Conference reclassified these three persons as competitive class law stenographers, contrary to its own title specifications for such position. Typing jury lists is not appropriate to the job specification “ law stenographer ”, particularly when no stenographic duties are performed. Moreover, the reclassification was not a .general reclassification which affected equally all job titles and persons similarly situated, as required. That the reclassification was selective is evidenced by the fact that another typewriter operator, and a confidential secretarial assistant who is also a stenographer, both of whom also type jury lists, were not reclassified. This constitutes a sufficient basis to vacate the reclassification as arbitrary and capricious.
The job of law stenographer is a position requiring appropriate skills, tested by examination. There is no showing it *458 would not be practicable to hold competitive examinations. Respondent’s reliance on Matter of Fornara v. Schroeder (261 N. Y. 363) is misplaced. The reclassification of the position of superintendent in charge of street cleaning, Queens, from an exempt to a competitive basis, upon transfer of the position from the Borough President’s office to the newly created City Sanitation Department, was held not to require the removal of the exempt incumbent, Fornara, since, as a veteran, he could not be removed under the Civil Service Law, except after a hearing based upon filed charges. Moreover, Fornara continued the same work previously done by him, appropriate to the position, even as reclassified. On this basis, the court said: ‘ ‘ When his position was transferred to the competitive class he was not required to qualify therefor by entering a competitive examination. No new office was created.” (supra, p. 368).
This has nothing to do with designating some typewriter operators and confidential secretaries as law stenographers without competitive examination.
“ Reclassification may not be used as a vehicle or method to promote civil service employees without examination. (N. Y. Const., art V, § 6.) ” (Matter of McNamara v. McCoy, 36 A D 2d 787, 788.) The Administrative Board of the Judicial Conference of the State of New York “ cannot appoint or promote nonjudicial personnel to competitive positions in the civil service without the necessary examinations ”. (Matter of Goldstein v. Lang, 23 A D 2d 483, 485 [dissenting opn.], revd. on dissenting opn. 16 N Y 2d 735.)
The application is granted.